Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5531 | **DATE** | August 6, 2012 |
| **CASE TITLE** | Clinton Dixon (B-57267) vs. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The Court authorizes and orders Stateville Correctional Center officials to deduct $15.71 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall also: (1) issue summonses as to the Defendants, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel (Doc [4]) is denied without prejudice.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Clinton Dixon, currently an inmate at Stateville Correctional Center, has filed a civil rights complaint under 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion to proceed *in forma pauperis*, initial review of Plaintiff's complaint under 28 U.S.C. § 1915A, and Plaintiff's motion for appointment of counsel..

Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The Court accordingly grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $15.71. The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement, currently Stateville, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk of Court, United States District Court, 219 S. Dearborn St., 20th floor, Chicago, IL 60604, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Stateville trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred to another facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that he is a cell house help worker at Stateville. His duties sometimes require him to work outside in adverse weather and indoors under conditions that require him to wear boots and work gloves. Plaintiff requested boots and work gloves from Defendant Jones, the Clothing Room Supply Supervisor, but Jones refused due to prison policy in place to save money. Plaintiff spoke with both Warden Hardy and Assistant Warden Edwards about his request to no avail.

Plaintiff was working on August 4, 2011. He was pushing a cart while not wearing safety gloves when the cart cut off part of his finger. Plaintiff was taken to the emergency room where the severed finger was reattached. Plaintiff was prescribed Vicodin for the pain. Once back at Stateville, Plaintiff was denied Vicodin and prescribed a less-effective pain medication. Plaintiff alleges that the substituted medication was ineffective but Dr. Carter would not prescribe Vicodin due to its cost. Plaintiff alleges he was also prescribed physical therapy that has not been

| **STATEMENT** |
|---|

provided. He alleges that the lack of proper medical care occurred because of a policy by Wexford Health Sources, Inc. ("Wexford"), to provide inmates the least amount of care at the least cost. Plaintiff also informed Hardy and Edwards of the lack of proper medical care, but neither took any action. Plaintiff maintains that the severity of the injury could have been mitigated if he had been provided with the proper safety equipment. In light of the aforementioned allegations, the Defendants must respond to the complaint.

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Illinois Department of Corrections or Wexford employee or contractor who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections or Wexford shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has articulated a colorable claim and has adequately investigated the facts giving rise to the complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claim are so complex or intricate that a trained attorney is necessary. Because Plaintiff appears capable of presenting his case in its current posture, his motion for appointment of counsel is denied without prejudice.