Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5531 | **DATE** | January 2, 2013 |
| **CASE TITLE** | Clinton Dixon (B-57267) vs. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendant Wexford Health Sources, Inc.'s motion to dismiss (Doc [21]) is denied. Defendant is ordered to answer Plaintiff's complaint within 21 days of the date of this order. Plaintiff's "motion seeking trial practice and schedule for discovery" (Doc [29]) is granted to the extent that a status hearing is scheduled for 1/30/2013 at 9:30 a.m.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Clinton Dixon, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to deliberate indifference to a serious medical condition at Stateville Correctional Center, relating to an injury to his finger.
     Defendant Wexford Health Services has filed a motion to dismiss, arguing that Plaintiff has not shown or alleged exhaustion of administrative remedies and that he has failed to state a claim against Wexford for deliberate indifference. Defendant also argue that Plaintiff's claim for punitive damages should be dismissed. For the reasons contained in this order, Defendant's motion to dismiss is denied.
     It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)).
     With respect to exhaustion, Plaintiff alleges in his complaint that he did in fact exhaust, and he attaches to his complaint a grievance, complete with a counselor's response and the response to his appeal from the Administrative Review Board in Springfield , which represents the final step in completing the grievance process. The internal administrative grievance system of the Illinois Department of Corrections ("IDOC") is set out in the Illinois Administrative Code, 20 Ill. Admin. Code § 504.810, *et seq*. Inmates must follow the following procedures: (1) The inmate must first attempt to resolve the situation through his counselor; (2) If the situation remains unresolved, he may file a written grievance within 60 days after the discovery of the incident, occurrence, or problem which gives rise to the grievance. Upon completion of an investigation by the grievance officer, the conclusions, and, if necessary, recommendations, are forwarded to the Chief Administrative Officer; (3) If the inmate does not believe the situation is resolved, he may appeal to the Director of the IDOC. The Administrative Review Board ("ARB"), as the Director's designee, reviews the appeal of the grievance and determines whether a hearing is necessary; (4) The ARB forwards its decision and any recommendations to the Director or other designee, who makes a final determination. The Director issues a final determination. *Id*. § 504.850(f). At this point, the administrative grievance process is complete, as there

| STATEMENT |
|---|

are no further appeals. Plaintiff both pleads that he exhausted and provides evidence of exhaustion by attaching the grievance and, counselor's response, and letter from the ARB to his complaint. Accordingly, the Court finds that Plaintiff has adequately pled exhaustion. The Court finds Defendant's motion troublesome in that it appears to ignore Plaintiff's allegations and the exhibits attached to his complaint as well as settled law regarding the exhaustion requirement. For instance, Defendant makes the argument that Plaintiff failed to adequately show or allege complete exhaustion. The Supreme Court specifically has held, however, that "the failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Thomas v. Kalu*, 218 Fed. Appx. 509, 512 (7th Cir. 2007) (citing *Jones* and explaining that "[p]risoners need not allege that they have exhausted administrative remedies; rather, failure to exhaust is an affirmative defense."). As an affirmative defense, it is Defendant's burden to prove failure to exhaust, not Plaintiff's. As Plaintiff has both pled exhaustion and provided evidence of it, he has certainly satisfied his burden sufficient to withstand a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6).

Moving to Defendant's substantive arguments, the Court notes that it already decided on initial review that Plaintiff stated a claim against Wexford. In its motion, Defendant argues that Plaintiff has merely pled conclusions against Wexford, insufficient to state a custom and policy of deliberate indifference. In analyzing a Section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, at *8 (N.D. Ill. Sep. 28, 2010) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009)). Therefore an inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8 (quoting *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004)). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Woodward*, 368 F.3d at 927. Plaintiff has sufficiently pled a custom and policy of deliberate indifference against Wexford, in that he claims that the lack of proper medical care occurs because of a policy by Wexford to provide the least amount of care at the least cost to Wexford at the inmate's medical expense.

Defendant also argues that Plaintiff's allegations demonstrate that he received medical care for his injury, and therefore cannot pursue a claim for deliberate indifference. However, Plaintiff pleads throughout his complaint delay of treatment and failure to provide adequate treatment. The fact that a prisoner has received some medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, at *1 (N.D. Ill. Jun. 17, 2011). Giving Plaintiff the benefit of the doubt, as the Court must on a motion to dismiss, he has clearly pled delay and inadequate treatment due to a policy of Wexford.

Finally, Defendant argues that Plaintiff is not entitled to punitive damages because his allegations do not demonstrate motivation by evil motive or intent nor a reckless or callous indifference to Plaintiff's rights. This factual argument is improper at this stage of the proceedings.

Based on the above, Defendant's motion to dismiss is denied. Defendant Wexford is ordered to answer Plaintiff's complaint within twenty-one days of the date of this order.